EASTERN DIST.
*May,* 1836.

PEIRCE ET AL. *vs.* NEW-ORLEANS BUILDING COMPANY.

PEIRCE ET AL.
*vs.*
NEW-ORLEANS
BUILDING CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

| 9 | 397 |
| f123 | 161 |

Corporations are intellectual beings distinct from the persons who compose them, and are creatures of the law. They can act only according to their organization, in the form or manner pointed out by their charters and the laws of the land.

The estates and rights of a corporation belong to the whole body; and none of the individuals who compose it can dispose of any part of them. The act of the majority of the corporators, legally expressed, is the act of the whole, and no contract is binding on the corporation which is not binding on every member of it.

But the will or assent of a majority of the corporators, taken *separately* and not in full meeting, is not regarded as the will of the corporation itself.

So, where the assent of a majority of the stockholders of a building company was expressed, in relation to a certain transaction concerning the corporation, not in a meeting of stockholders, but by each one separately and at different times, and evidenced not by the minutes of the corporate proceedings, but by a separate paper in the possession of a committee: *Held*, that the proceeding was null and void; as containing no legal evidence of the consent of the corporation, either according to its charter or the general principles of law.

This is an action to recover a sum of money from the New-Orleans Building Company, under an agreement or contract with the stockholders thereof.

The plaintiffs allege, that they became the purchasers of two houses and lots in New-Orleans, which were sold at public auction on the 9th of December, 1834, by said company. That difficulties having arisen in relation to this sale on account of the embarrassments of the Building Company, the latter entered into an agreement with the purchasers, by which it was agreed and determined that the purchasers at the first sale should relinquish their rights and be released from responsibility; and that the property be again sold, and

EASTERN DIST.
May, 1836.

PEIRCE ET AL.
vs.
NEW-ORLEANS
BUILDING CO.
the advance or profits arising between the ·first and second sales, on their respective lots, be paid over to the purchasers at the first sale ; provided there were sufficient assets to pay the debts of the company.    That in pursuance of this agreement the property in question was sold under an order of seizure and sale, which issued in virtue of a mortgage of Laurent Millaudon, which he had on the property of the Building Company, and the lots and buildings first purchased, produced profits over and above the first sale, to the amount of five thousand two hundred and fifty dollars to one of the plaintiffs, and eight hundred and fifty dollars to the other, for which they · pray judgment against the Building Company.

The defendants pleaded a general denial to every thing alleged, except such as are expressly admitted.    They expressly allege that the sale of the company's property on the 9th December, 1834, at which the plaintiffs purchased, was illegal ; made without sufficient authority, and not binding.    That the agreement under which the plaintiffs claim the profits of the second sale,  was not made in a manner and form to bind the corporation, or was founded in error and without consideration ; that even according to the conditions of the agreement, after payment of the debts of the company nothing remains to the plaintiffs.

Upon these issues and pleadings the parties went to trial. The books containing the minutes of the proceedings of the corporation were produced in evidence,  together with all the proceedings of the company in relation to the sales of its property.

The facts material to this case show, that a sale of certain property of the Building Company took place on the 9th December, 1834, at which the plaintiffs purchased lots Nos. 7 and 8, being houses and lots situated in Carondelet-street, the one for twelve thousand two hundred dollars, and the other for twelve thousand six hundred dollars.

Some difficulty occurring about the sale and purchase of this property, between the purchasers and the Building Company, a committee of the stockholders was appointed to

effect a compromise and re-sale of the property under Mr.
Millaudon's mortgage. Terms were agreed on, part of
which were, that the plaintiffs and other purchasers were to
relinquish their purchases under the sale of the 9th Decem-
ber, 1834, be released from liability, and entitled to receive
the profits which their respective purchases would produce at
the second sale over the first, after paying the debts of the
company.

A meeting of stockholders was held the —— day of
May, 1835, at which Mr. Yorke, offered the following
resolution :

*Resolved*, That the president and directors be authorised
and instructed to cause the property of the company to be
sold by the sheriff, under Mr. Millaudon's mortgage, &c.,
and that the proceeds be appropriated to pay the debts of the
company, and that the *arrangement* made by the committee
with the purchasers of property at the sales on the 9th and
12th December, 1834, be *confirmed*.

This resolution passed, yeas twelve, representing six
hundred and sixty-seven shares. Nays six, representing
three hundred and twenty-four shares of stock. The whole
number of shares belonging to the company being represented
at two thousand and seventy-three.

A resolution was then passed, appointing a committee of
two to call on the stockholders who were not represented at
this meeting, to give their assent or dissent to the foregoing
resolution.

The stockholders not present were called on at different
times and places, and finally all gave their assent but two.

The second sale accordingly took place under Mr.
Millaudon's mortgage, on the 2d July, 1835. The increase
of price between the two sales amounted to the sums claimed
by the plaintiffs, on the property they had first purchased and
relinquished.

The district judge after an elaborate opinion, came to the
conclusion, that the plaintiffs, although their claim was
founded in equity, could not recover; that in applying the
rules which should govern the proceedings of corporations,

EASTERN DIST.
May, 1836.

PEIRCE ET AL.
vs.
NEW-ORLEANS
BUILDING CO.

the compromise and resolutions on which the plaintiffs found their claim, are not binding on the Building Company.

Judgment was given for the defendants. The plaintiffs appealed.

*Benjamin*, for the plaintiffs.

*Eustis* and *Carter*, for the defendants.

1. The defendants are a private civil corporation. *Louisiana Code, articles* 420, 421.

2. The corporation is a fictitious being, entirely distinct from the persons composing it. *Louisiana Code, articles* 426, 427, 428.

3. The corporation can only act in its *corporate form.* The acts of the *individuals* composing it, can have no obligatory force on the corporation. The corporation is only bound by its own acts, or those of its lawful agents.

4. In corporations, the act of the majority is considered the act of the whole, *article* 435; but this means the majority of the whole number of stockholders, unless otherwise provided by the act of incorporation, or the by-laws.

5. The sense of corporators, to be obligatory on the corporation, must be taken at a meeting of them, duly convoked, after public notice. The assent or dissent of corporators otherwise given, is not of any effect as to any obligation on the part of the corporation. 18 *Massachusetts Reports*, 297.

6. The notice to be given in all cases of meetings of corporators, unless otherwise provided by the charter or by-laws, must be personal and in writing, and in all cases the object of the meeting ought to be stated, where any thing out of the usual course of business is to be done. *Civil Code*, of the signification of words, *section* 23. 7 *Connecticut Reports*, 214, *New* vs. *Wise.*

7. In all cases where no provision is made by the charter or the by-laws, they must be regulated by the law of the land. 4 *Littell's Reports*, 433. 5 *Johnson's Chancery Reports*, 378.

EASTERN DIST.
*May,* 1836.

PEIRCE ET AL.
*vs.*
NEW-ORLEANS
BUILDING CO.

8. The several acts or contracts, which the plaintiffs consider as obligatory on the corporation, have not been made in manner and form to bind the corporation, according to the principles herein laid down, for the details of which see the opinion of the district judge.

*Bullard J.,* delivered the opinion of the court.

The plaintiffs allege that they, or their assignor, purchased certain lots in the city of New-Orleans, at a public sale by the defendants; but that difficulties having arisen in relation to the sale, it was agreed that the property should be sold again; that no liability should attach to the first purchasers; that they, should relinquish their rights to the property and that it should be sold again, and the proceeds applied to the payment of the just debts of the company; and that the surplus, if any, should be paid over to those who had purchased at the first sale and relinquished, each purchaser being entitled to the full profit made on his lot, provided the assets of the company should be sufficient to pay all its debts, independent of such profits. They allege that the second sale produced a large profit over and above all the debts of the corporation, and that they have a right to claim the profit made on the re-sale of their lots respectively, and they pray for judgment against the corporation of five thousand two hundred and fifty dollars, in favor of one of the plaintiffs, and of eight hundred and fifty dollars in favor of the other.

The defendants in this action allege, that the first sale spoken of in the petition was illegal, and made without sufficient authority, and that the agreement stated in the petition was not made in a manner and form to bind the corporation; and if so made, was founded in error and without consideration, and is not obligatory.

Judgment having been rendered in favor of the defendants, the plaintiffs appealed.

We have not thought it necessary to inquire in this case, whether the sale of the 9th and 12th of December, was valid or not. The plaintiffs appear to have renounced all claim under it, and the obligatory force of the contract which they

EASTERN DIST.
May, 1836.

PEIRCE ET AL.
vs.
NEW-ORLEANS
BUILDING CO.

now seek to enforce, does not in our opinion depend upon the question whether they acquired a good title under the first sale. The sole question, therefore, which presents itself for our solution is, whether the contract in question was entered into in such a manner and with such forms as to be obligatory on the corporation. When we say that we need not inquire into the validity of the first sale, we in substance overrule that part of the defence, which sets up a want of consideration for the new contract; because, whether valid and binding, or not, it is certain that the first sale formed the subject of controversy, and the contract now in question may be regarded as of the nature of a transaction between the parties, by which litigation was avoided.

The question then is, whether there is evidence before us to show that the corporation ever gave its assent to this contract, so as to bind it and every person who composes it, so far as its interests are concerned.

It may be remarked in the first place, that the agreement in question does not purport to have been made by the president and directors of the corporation, in the ordinary range of their official duties, and assuming to represent the corporation by virtue of the powers confided to them by the charter. On the contrary, it appears to have eminated from the stockholders themselves. At a meeting of the stockholders, at which a majority does not appear to have been present, either in number of persons or amount of stock, it was resolved, that the president and directors be authorised and instructed to cause the property of the company to be sold by the sheriff, under Mr. Millaudon's mortgage, agreeably to the arrangements made by the committee at the City Bank, and that the proceeds be appropriated to pay the debts of the company, and that the arrangement made by the committee with the purchasers of the property, at the sales on the 9th and 12th of December, be confirmed. At the same meeting, it was resolved, that the stockholders who are not represented at this meeting, be called upon to give their assent or dissent to the foregoing resolution, and that a committee of two be appointed for that purpose.

It appears to us quite obvious, that the doings of this meeting, by themselves, did not render the arrangement proposed by the committee, obligatory on the corporation; because, a majority was not present, even supposing the meeting to have been preceded by proper notices to the corporators to attend.

EASTERN DIST.
*May*, 1836.

PEIRCE ET AL.
*vs.*
NEW-ORLEANS
BUILDING CO.

At the next meeting, at which it appears from the minutes there was not a majority present, the committee reported that they had called upon a large majority of the stockholders who had signed in the affirmative; that all the persons who had voted in the negative, except Messrs. Lawson and Rice, had requested their names to be placed on the affirmative list, and that a number of stockholders whom the committee had not been able to see, had expressed a wish to sign in favor of the resolutions. Nothing more was done at this meeting than to receive the report of the committee, who furnished a list of those who had signed in the affirmative, and of those who had refused their assent, and the adoption of the report by a majority of the stockholders present. These proceedings form the basis of the subsequent transactions, and the inquiry is, whether they furnish evidence of the assent of the corporation to the contract alleged by the plaintiffs.

Corporations are creatures of the law, or as the code expresses it, intellectual beings, different and distinct from all the persons who compose them. They can act only according to their organization, and in the form pointed out by their charters, or the laws of the land. The estates and rights of a corporation (says the code, article 427) belong so completely to the body, that none of the individuals who compose it can dispose of any part of them. A subsequent article (435) declares that in corporations, the act of the majority is considered as the act of the whole.

We assume it as an undoubted corollary, from these principles, that no contract can be binding on a corporation which is not binding on every member of it, on the ground that the assent of the corporation must be given in such a way as to bind the whole. Where the code speaks of the

Corporations are intellectual beings, distinct from the persons who compose them, and are creatures of the law. They can act only according to their organization, in the form or manner pointed out by their charters and the laws of the land.

The estates and rights of a corporation belong to the whole body, and none of the individuals who compose it, can dispose of any part of them. The act of the majority of the corporators legally expressed, is the act of the whole, and no contract is binding on the corporation which is not binding on every member of it.

But the will or assent of a majority of the

So, where the assent of a majority of stockholders of a building company was expressed, in relation to a certain transaction concerning the corporation, not in a meeting of stockholders, but by each one separately and at different times, and evidenced not by the minutes of the corporate proceedings, but by a separate paper in the possession of a committee: *Held,* that the proceeding was null and void, as containing no legal evidence of the consent of the corporation, either according to its charter or the general principles of law.

act of the majority being the act of the whole, it must be understood to mean, when applied to such a corporation as this, the will of the majority legally expressed; and if any meaning is to be given to the general principle first declared, that the corporation is distinct from all the persons composing it, it must follow that the will of a majority of the corporators, taken separately, is not to be regarded as the will of the corporation itself. We know of only two ways in which such a corporation as the one now under consideration can act, to wit: either through its president and directors, or at a meeting of the stockholders duly convoked. The act by which the defendants were incorporated does little more than give the corporation a name, and a legal capacity. It provides for the appointment of directors, but is silent as to the manner in which the corporators are to be convoked, and how they are to vote, whether *per capita* or according to the amount of shares held by each. In these respects their proceedings and the validity of their acts, must be judged of according to the principles of law, applicable to corporations in general. If the two minority meetings be laid out of view as void, the whole rests upon the assent expressed by a majority of the stockholders not in a meeting of stockholders, but by each one separately and at different times, and evidenced, not by the minutes of their corporate proceedings, but by a separate paper in the possession of a committee. We cannot see in this any legal evidence of the consent of the corporation, either according to its charter or the general principles of law.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.