\* W. DUKE v. F. D. MARKHAM.

*Agency—Deed, Execution by Corporation—Ratification.*

1. The assent of a majority of stockholders, expressed elsewhere than at a meeting of the stockholders, as where the assent of each is given separately and at different times. to a person who goes around to them privately, does not bind the company.   An agency to execute a mortgage given in this manner gives no validity to the mortgage.   It is not the corporation's act, which can only be authorized in the mode required by law.

2. The use by the company of money raised by such mortgage would not of itself be a ratification.   If the company ratify the mortgage, it would not validate it as to other creditors if mortgage is invalid when registered.

3. When a mortgage by a corporation is signed by the president, secretary and two stockholders and duly witnessed, but there is no common seal attached, and the probate recites that it is "acknowledged by the secretary, who also proves the execution by the president and two stockholders," such probate is insufficient and does not authorize registration, and is ineffectual to pass title as against creditors.

\* Head-notes by CLARK, J.

This was a CIVIL ACTION, tried at January Term, 1890, of the Superior Court of DURHAM County, before *Armfield, J.*

The plaintiff offered as a witness, Paschal Lunsford, who testified that he is Register of Deeds of Durham County, and there appears upon the books in his office a mortgage, registered and recorded by him on November 15th, 1888, purporting to be executed by the Durham Sash, Door and Blind Company to Washington Duke, the plaintiff.

Plaintiff offered the mortgage in evidence.

Defendant objects. Objection overruled and exception by defendant.

L. W. Grissom, a witness for the plaintiff, testified that he was secretary and treasurer of the Durham Sash, Door and Blind Manufacturing Company on November 15th, 1888; he signed the mortgage of that date as secretary and treasurer. There is no record in the minutes kept by him of the proceedings of the board of directors or the meetings of stockholders in regard to this mortgage, or authority to make it. He kept in a book (produced in Court) the proceedings of the board of directors of the corporation and of the stockholders; the resolutions and orders of said boards; the corporation had a president, vice-president and board of directors; the stockholders, officers and directors lived in the town of Durham; before this mortgage was executed, he went around and saw the stockholders separately in regard to executing it; he did not see all the stockholders or directors; he saw a majority of them; they had no meeting, but each one he saw authorized him to execute the mortgage; the plaintiff requested the president and two stockholders to sign the mortgage; this was done; Mr. Duke signed the note for $3,000, and witness got the money from the Raleigh National Bank; the money was used in the business of the corporation; he said nothing more to the stockholders or directors; the directors were stockholders; the note has never been paid; it sometimes happened that we could not get a

meeting of the board of directors; they did not attend the meetings regularly; the mortgage was delivered to W. Duke immediately.

W. A. Wilkerson, a witness for the plaintiff, testified that he was a stockholder and director of the Durham Sash, Door and Blind Company, November 4th, 1888; he signed the mortgage to Mr. Duke; he did not know anything about the authority by which it was executed except what the witness Grissom had told him.

The mortgage was made to raise money to meet expenses of the concern. Defendant renewed his objection to the mortgage and requested the Court to exclude it. The Court overruled defendant's objection and admitted the mortgage. Defendant excepted.

Defendant introduced in evidence sundry executions issued from the Superior Court of Durham County, which executions were admitted by plaintiff, as set forth in his answer. Defendant introduced the judgment docket of the Superior Court of Durham, showing the docketed judgments upon which the executions were issued.

The defendant, being sworn as a witness in his own behalf, testified that he was Sheriff of Durham County, and as such, and by virtue of sundry executions issued to him against the Durham Sash, Door and Blind Company, he levied, on September 4th, 1889, and September 5th, 6th and 7th, 1889, in the morning, on the property described in his levy, it being the property described in the mortgage to plaintiff.

Defendant requested the Court to charge the jury that the plaintiff could not recover the property included in the mortgage of November 15th, 1888, because the mortgage had been executed without authority of the corporation and was not the act of the corporation, because it had not been executed by an agent duly authorized thereto, and because (if the act of the corporation) it had not been properly registered, the probate being insufficient and void.

His Honor charged the jury that the mortgage was valid and the plaintiff entitled to recover all the property except the material mentioned therein; that the description of this property was too vague.

Defendant excepted and appealed from the judgment rendered against him.

*Messrs. R. B. Boone* and *W. A. Guthrie,* for plaintiff.
*Messrs. J. S. Manning* and *F. L. Fuller,* for defendant.

CLARK, J.: This was a claim and delivery proceeding brought against defendant, who, as Sheriff of Durham County, had taken possession of certain personal property of a corporation—the Durham Sash, Door and Blind Manufacturing Company—by virtue of executions in his hands, and had advertised the same for sale. The plaintiff claims the property by virtue of the mortgage of November 15th, 1888, given to indemnify him against loss as surety to said company upon a note to the bank, which would fall due November 15th, 1889. The conclusion of the mortgage and the probate are in the following words:

"In witness whereof, the Durham Sash, Door and Blind Manufacturing Company sign by the names of president, secretary and treasurer, and two stockholders, and attest their seals.

     "W. F. REMINGTON, President.
     "L. W. GRISSOM, Sec. and Treas.
     "W. A. WILKERSON, Stockholder.
     "WALTER WILKERSON, Stockholder.
"Witness:
  "GEO. W. WATTS."

"NORTH CAROLINA—Durham County.

"The execution of the foregoing instrument was this day acknowledged on the part of L. W. Grissom, and proven on

the oath and examination of L. W. Grissom as to W. F. Remington, W. A. Wilkerson and Walter Wilkerson. Let the same, with this certificate, be registered.

"This November 15th, 1888.

"D. C. Mangum, C. S. C."

We think his Honor erred in admitting the mortgage in evidence upon such probate, and likewise in instructing the jury, upon the proof offered by plaintiff, that it was valid as to creditors whom defendant represented by virtue of the executions in his hands.

In *Pierce* v. *New Orleans Building Co.*, 9 La., 397, it is held that the act of a majority of the stockholders, expressed elsewhere than at a meeting of stockholders, as where the assent of each one is given separately and at different times, is not binding on the corporation. The same is true of a meeting of which notice is not given. *Stow* v. *Wyse*, 18 Am. Dec., 99, and notes; Cook on Stockholders, § 594; 1 Potter on Corporations, § 336, and notes.

In *Leggett* v. *N. J. M. & B. Co.*, 1 Saxton, ch. 541, it is held that a corporation is only bound by an agent's acts when within the scope of his authority, and that a president and cashier, as such, cannot execute a mortgage of corporate property without special authority from the board of directors or the stockholders, and that the proceeds of a mortgage have been applied to the use of the corporation in paying its debts, or otherwise, is not sufficient to render the mortgage binding if its execution was not properly authorized.

"The members of a corporation cannot, separately and individually, give their consent in such manner as to bind it as a collective body, for, in such case, it is not the *body* that acts; and this is no less the doctrine of the common than of the Roman Civil Law. Being *lawfully assembled*," says Ayliffe, "they represent but one person, and may conse-

quently make contracts, and, by their collective assent, oblige themselves thereunto. And though all the members of a corporation covenanted on behalf of it under their private seals," this, it was held, would only bind them *personally*, and not the corporation. Angell & Ames on Corporations, § 232, which is supported by the numerous cases there cited. Again, in the same work, § 504: "The separate action, individually, without consultation, although a majority in number should agree upon a certain act, would not be the act of the constituted body of men clothed with corporate powers." Indeed, the authorities upon this subject are numerous, uncontradicted, and supported by reason.

It is true the common seal is *prima facie* evidence that a deed or contract is the act of the company, and that the seal has been affixed by authority, though it is competent to go behind the seal and show that it was not affixed by legally exercised authority of the company. In this case there was no common seal of the company attached. While a seal is not essential to the validity of a chattel mortgage, in the absence of the company's seal there is no presumption of its being the corporation's act, and it devolves upon the party relying upon the mortgage to show that the agent or officer had authority to execute it. The plaintiff's witness testifies that there was no resolution of stockholders or directors to authorize the mortgage, and no record to that effect is entered on the books of the company, that he went around privately and saw a majority of the stockholders, and they authorized him to execute the mortgage, and that he requested the president and two directors to sign. A corporation can only act in the manner authorized by law. If, by the meeting of stockholders (or of the directors, if they have, by the charter, the right), the secretary of the company had been authorized to execute this mortgage, or mortgages generally, the mortgage might have been valid; but, as we have seen, no authority can be derived in this irregular manner, by an

officer going around privately to what he alleges was a majority of the stockholders and getting their consent. There is nothing to show that they were a majority and that they did consent, as would be the case if a meeting were regularly held, the vote taken and a minute entered on the company records. To give validity to such proceedings would lead to irremediable evils and abuses. The corporation seal not being attached, it was incumbent on the plaintiff to look to the authority of the agent with whom he dealt. Since it was not in the scope of the secretary's authority, as such, to execute the mortgage, and no legal authority to execute the same especially was given, it goes for naught. The receipt and use of the money is not of itself, as we have seen, a sufficient ratification by the corporation. But it is immaterial here whether there was a subsequent ratification or not. Ratification would be good between the corporation and the mortgagee, but would not validate, as to other creditors, a mortgage which was invalid when registered.

The mortgage is not good at common law for want of authority to the secretary to execute it, nor is it good as a statutory mortgage under *The Code*, § 685, for there is no common seal attached as required by that section, and the probate shows that as to the president and the two stockholders there was no legal proof of its execution by them. They neither acknowledged the same, nor was it proven by the examination of the subscribing witness, as required by *The Code*, § 1246 (1). Indeed, under the words of the statute, *The Code*, § 685, it may be that more than one witness is necessary. In *Todd* v. *Outlaw*, 79 N. C., 235 (237), BYNUM, J., says: "Until a deed is proved in the manner prescribed by the statute, the public register has no authority to put it on his book; the probate is his warrant, and his only warrant, for doing so. *Williams* v. *Griffin*, 4 Jones, 31; *Burnett* v. *Thompson*, 3 Jones, 113; *Lambert* v. *Lambert*, 11 Ired., 162;

*Carrier* v. *Hampton*, 11 Ired., 307. Not having been duly proved, the registration was ineffectual to pass the title as against creditors or purchasers. *Robinson* v. *Willoughby*, 70 N. C., 358; *Fleming* v. *Burgin*, 2 Ired. Eq., 584; *DeCourcy* v. *Barr*, Busb. Eq., 181." To same effect is *Evans* v. *Etheridge*, 99 N. C., 43.

Error.