### JOSEPH KJELLANDER v. PIEDMONT BAKING CO.

(Filed 15 May, 1929.)

**Trial E d—Request for instructions not supported by evidence properly refused.**

> In an action to recover damages for injury alleged to have been negligently caused by a collision between plaintiff's car and the defendant's truck on a public highway, an instruction requested by the defendant is properly refused when not based upon evidence in the case but on an inference that had the plaintiff blown his horn it would have aroused the defendant's driver of the truck from his inattention in time to have avoided the injury in suit.

APPEAL by defendants from *Lyon, Emergency Judge,* at September-October Term, 1928, of BURKE.

Civil action to recover damages for an alleged negligent injury resulting from a collision between plaintiff's automobile, driven by himself, and the defendant's truck operated at the time by one of its servants or employees.

The evidence tends to show that on 9 March, 1928, the plaintiff, while driving in his automobile along highway No. 67, between Taylorsville and North Wilkesboro, saw the defendant's truck approaching from the opposite direction, astride of the center of the hard surface

(which was 18 feet wide), running at a speed of about 30 miles an hour and with its front wheels "wobbling." Realizing that something was wrong with the truck, the plaintiff ran his car entirely off the hard surface, on his right-hand side of the road, and stopped. The driver of the truck, instead of keeping with the curve of the highway, ran off the hard surface, on his left-hand side of the road, at a sharp angle and struck plaintiff's car, demolished it, and seriously injured the plaintiff. The collision occurred with the defendant's truck on the wrong side of the highway and plaintiff's car on the right side of the road entirely off the hard surface. Plaintiff ran as far to the right as he could in order to avoid a collision. He did not sound his horn.

The defendant offered no evidence, but proffered the following special instruction:

"If you find from the evidence that the plaintiff knew, or by keeping a proper lookout would have known, that the driver of defendant's truck was not aware of the approach of plaintiff's car, that when plaintiff knew—or should have known such fact—he had time to warn the defendant's driver of his presence by blowing his horn or by making other timely signal, and that plaintiff failed to so blow his horn or to make other timely signal, then the court charges you it would be your duty to answer the second issue 'Yes'; provided you further find from the evidence, and by its greater weight, that the defendant's driver, upon giving such signal, would have turned the truck to the right and thereby avoided the collision and the injury to plaintiff." Prayer refused; defendant excepted.

The usual issues of negligence, contributory negligence and damages were submitted to the jury, and from a verdict and judgment in favor of plaintiff, the defendant appeals, assigning errors.

*W. C. Ervin, S. J. Ervin and S. J. Ervin, Jr., for plaintiff.*
*Self, Bagby & Patrick for defendant.*

STACY, C. J. The learned counsel for appellant, Mr. Self, advances the following argument in favor of the special instruction proffered by the defendant, but which the court declined to give:

"It may be that the driver of defendant's truck yielded for a few seconds to a demand for sleep; he may have allowed his mind to wander from the business in hand to contemplation of some real or fancied trouble; he may have fallen into a 'brown study' or a fit of absent-mindedness. But whatever the reason for his lapse, it is highly probable that he would have 'snapped out of it' instantly if the plaintiff had sounded his horn, and there would have been no collision."

The argument is ingenious, and worthy of preservation, but it would seem that the instruction was properly declined, as the defendant offered no evidence to support its contention. The cross-examination of plaintiff did not supply the defect in this respect. The court committed no error in refusing the instruction as requested. The case was fully covered in the charge.

A careful perusal of the record discloses no reversible error committed on the trial, hence the verdict and judgment will be upheld.

No error.