## D. W. HOOPER v. ROBERT H. GLENN.

(Filed 16 June, 1949.)

**1. Pleadings § 22b: Appeal and Error § 40b—**

An application for leave to amend a pleading after time for filing has expired is addressed to the sound discretion of the trial court, and its ruling thereon is not reviewable in the absence of abuse of discretion.

**2. Automobiles § 20a—**

In this action by a passenger against the driver of the vehicle, defendant alleged that the accident was caused by the interference of the passenger with defendant's driving when they were confronted with an emergency. The only evidence of interference was that the passenger exclaimed "Look out . . . that car is going to hit you," and defendant testified that the exclamation had no effect on him. *Held:* The refusal of the court to submit an issue of contributory negligence was not error.

**3. Trial § 38—**

The refusal to submit an issue tendered is not error when there is no evidence in support of such issue adduced at the trial.

**4. Appeal and Error § 39f—**

Exceptions to the charge will not be sustained when the charge is free from prejudicial error when construed contextually.

APPEAL by defendant from *Coggin, Special Judge,* and a jury, at the September Term, 1948, of FORSYTH.

On 15 February, 1947, the plaintiff, D. W. Hooper, was a guest in a motor truck which the defendant, Robert H. Glenn, was driving along a public highway in Forsyth County. The truck suddenly left the road and crashed against a nearby tree, inflicting substantial personal injuries upon the plaintiff. The plaintiff sued the defendant for damages for such personal injuries, and the defendant answered, denying liability to plaintiff in the premises.

When viewed most strongly in his favor, the plaintiff's testimony tended to show that the defendant drove the truck at a speed of not less than fifty miles per hour along his left half of an unpaved public highway having a width of thirty feet; that the defendant met another automobile proceeding in the opposite direction "on its extreme right-hand side of the highway," *i.e.,* the defendant's left-hand side of the highway; and that the defendant thereupon abruptly jerked the steering wheel of the truck to his right, left the highway, crashed against a tree standing some distance to the right of the highway, and injured the plaintiff, notwithstanding that at least two-thirds of the roadway was open for the free and unobstructed passage of the truck.

The defendant offered evidence, however, indicating that he operated the truck on his right half of the highway at a speed of about thirty-five miles per hour; that he met the other automobile proceeding in the opposite direction along his right half of the highway at a speed approximating seventy miles an hour; that both he and the plaintiff were placed in imminent danger of death or enormous bodily harm in a threatened head-on collision between the truck and the rapidly approaching automobile; and that he thereupon drove the truck from the highway in a reasonable effort to extricate himself and the plaintiff from the impending peril which had arisen without fault on his part.

The court submitted these issues to the jury:

1. Was the plaintiff injured by the negligence of the defendant, Robert H. Glenn, as alleged in the complaint?

2. What damages, if any, is plaintiff entitled to recover?

The jury answered the first issue "Yes" and the second issue "$15,000.00."

Judgment was entered on the verdict, and the defendant appealed, assigning errors.

*Higgins & McMichael for plaintiff, appellee.*
*Deal & Hutchins for defendant, appellant.*

ERVIN, J.  The defendant reserved an exception to the refusal of the trial judge to permit him to amend his answer so as to set up a new plea of contributory negligence in these words, namely: "The defendant, Robert H. Glenn denies that he had used or was under the influence of intoxicants at the time of the accident, but avers that if he was intoxicated and if he and the plaintiff, D. W. Hooper, had been drinking intoxicants together, and the use of intoxicants by defendant Glenn was one of the proximate causes of the accident resulting in injuries to the plaintiff, then the plaintiff himself was guilty of contributory negligence in that he used intoxicants with the defendant Glenn, that he knew that the defendant Glenn had been drinking intoxicants and was under the influence thereof, but nevertheless the plaintiff continued to ride in the truck with the defendant Glenn, and that such conduct on the part of the plaintiff constituted contributory negligence, and, therefore, this defendant pleads the contributory negligence of the plaintiff, D. W. Hooper, in this respect in addition to the other facts pleaded as contributory negligence in his answer to the amended complaint in bar of the plaintiff's recovery in this action."

The court expressly stated that its ruling denying the defendant leave to file the amendment to the answer was made in the exercise of its discretion. This being so, the defendant's exception is untenable. It is a firmly established rule of practice in this jurisdiction that an application

for leave to amend a pleading after time for filing has expired, is a matter addressed to the sound discretion of the trial court, and that a ruling thereon is not subject to review on appeal unless the circumstances affirmatively disclose a manifest abuse by the court of its discretionary power. G.S. 1-163; *Hogsed v. Pearlman,* 213 N.C. 240, 195 S.E. 789. The record presently presented does not justify an inference that the court abused its discretion in the premises. While some of the witnesses called to the stand by counsel for the defense testified that the plaintiff and the defendant bore the odors of liquor when removed from the wreckage of the truck after the collision, the plaintiff's cause of action was not predicated, either in whole or in part, upon any allegation or evidence that the defendant lost control of the truck by reason of intoxication. Besides, the defendant testified in his own behalf with unvarying positiveness that he was completely sober at the place and time named in the pleadings. Moreover, the defendant did not ask for leave to amend until all the evidence was in, and both sides had rested.

The defendant assigns as error the refusal of the court to submit to the jury this issue: "Was the plaintiff, Daniel W. Hooper, guilty of contributory negligence as one of the proximate causes of his injuries, as alleged in the answer of Robert H. Glenn?" The answer alleged on this phase of the case "that the accident . . . was due to and proximately arose on account of the careless and negligent conduct of the plaintiff himself in that the plaintiff had been drinking intoxicating liquors and became excited and interfered with the operation of the truck in trying to turn the truck to the right, and this defendant pleads the contributory negligence of the plaintiff in bar of his right to recover in this action."

No evidence was adduced at the trial tending to show any attempt on the part of the plaintiff to interfere with the operation of the truck outside of the testimony of the defendant to the effect that the plaintiff made this exclamation just as the other automobile was about to collide head-on with the truck: "Look out, look out, Rob! That car is going to hit you." The defendant testified, however, that this declaration "didn't have no effect on me." Thus, it appears that there was no evidence to support the plea of contributory negligence set out in the answer, and that the court rightly declined to submit to the jury the issue in question. *Kjellander v. Baking Co.,* 197 N.C. 206, 148 S.E. 40.

The defendant assigns three portions of the charge as error. Standing alone, these excerpts seem somewhat wanting in dexterity of statement. But when they are placed in their context and the instructions of the court are read as a whole, it appears that the charge was free from prejudicial error. *Wyatt v. Coach Co.,* 229 N.C. 340, 49 S.E. 2d 650.

Since no reversible error has been shown, the verdict and judgment will be sustained.

No error.