PHYLLIS H. SNYDER v. GEORGE K. FREEMAN, JR.; DOUGLAS L. CROOM; JOHN COLUCCI, JR.; JOHN COLUCCI III; WOODROW PRIDGEN; AERONAUTICS, INC.; AND PAUL DaSAN MARTINO

No. 785SC309

(Filed 20 March 1979)

1. **Corporations § 7; Trusts § 13.1— sale of stock—promise to pay loan with proceeds—complaint insufficient to state claim for breach of trust**

   Plaintiff's complaint was insufficient to state a valid claim for breach of trust where plaintiff alleged that a contract between two shareholders of a corporation and two outsiders for the sale of 50% of the stock to the outsiders provided for repayment to plaintiff of a loan to the corporation and thereby created a trust for her benefit, but the agreement between the parties was actually an agreement for the issuance of new shares of common stock; in order for a trust to be created in the capital obtained from issuing stock, the corporation itself would have to agree to hold the capital in trust for creditors; the contract in question was entered into by the shareholders in their individual capacities; and the corporation therefore was not bound by the agreement and took the capital obtained from issuance of its stock free of any trust in favor of plaintiff.

2. **Contracts § 14.2— contract for benefit of third party—complaint insufficient to state claim**

   Plaintiff's complaint was insufficient to state a valid claim for breach of an agreement made for the benefit of a third party where plaintiff alleged that an agreement for the issuance of new stock to two of the defendants provided that she should be repaid for a loan to the corporation out of proceeds generated by the sale of the new stock, but the agreement in fact provided that the proceeds should be paid directly to the corporation; there was no provision for payment directly to plaintiff; nor was there a provision whereby defendants agreed to become guarantors of the corporate debt; the agreement specifically provided that the corporation would pay the creditors; and plaintiff therefore was not directly benefited by the contract and had no rights against the individual defendants pursuant to the contract.

3. **Limitation of Actions §§ 4.3, 7— accrual of cause of action—questions of fact—summary judgment improper**

   In an action to recover the amount of a loan made by plaintiff to a corporation, summary judgment on the ground that the action was barred by the three year statute of limitations was inappropriate since there was a question of fact as to when the breach occurred and the statute of limitations began to run.

APPEAL by plaintiff from *Rouse, Judge.* Order entered 28 November 1977 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 16 January 1979.

On 3 February 1967, defendants Freeman and Croom, the sole shareholders of General Aviation, Inc., executed an agreement to sell 50% of the stock of the corporation to the defendants Colucci. At that time, plaintiff was employed by General Aviation, Inc. as a bookkeeper and the corporation owed plaintiff $800.00 in accrued salary and $4,602.50 for a loan which plaintiff had previously made to the corporation. The contract provided in pertinent part:

"3.(c) Out of monies coming in to the corporation from the sale of 6,000 shares of stock to the parties of the second part or their designee, the corporation shall pay salaries accrued to Mrs. Snyder in the amount of approximate $800.00, a note payable for equipment (a Pepsi-Cola drink machine) in the amount of approximately $150.20, the following notes payable to Mrs. Anne T. Freeman in the amount of $1,286.86 plus interest and to Mrs. Phyllis Snyder in the amount of $4,602.50 plus interest; accrued Federal Taxes in the amount of $2,742.06 (It is understood that George K. Freeman, Jr. has already paid said Federal Taxes in said amount and that the check will be made to reimburse him); and the balance of such monies to be paid against outstanding accounts payable as revealed by an audit of the company dated November 30, 1966, done and prepared by Norborne G. Smith, Jr., Certified Public Accountant of Goldsboro, North Carolina."

The contract was signed by the individual defendants in their individual capacities.

Thereafter, the corporation issued 6000 shares of common stock to the defendants Colucci, and the Coluccis paid $10,000.00 to the corporation. Plaintiff never received the monies due her.

On 2 February 1977, plaintiff brought this action to recover the sum of $5,402.50 from the individual shareholders of the corporation, alleging that the 1967 agreement created a trust for her benefit. The complaint alleged that the defendants were trustees of the trust and that they breached the trust by failing to pay her the monies due out of the proceeds of the sale of stock in 1967.

On 8 November 1977, defendants moved for summary judgment. On 28 November 1977, the court entered an order dismissing the complaint pursuant to G.S. 1A-1, Rule 12(b)(6) for failure to

state a claim upon which relief can be granted, and in the alternative, because plaintiff's action was barred by the three-year statute of limitations. G.S. 1-52.

On 6 January 1978, plaintiff voluntarily dismissed the action, with prejudice, as to Woodrow Pridgen and Paul DaSan Martino.

*Franklin L. Block for plaintiff appellant.*

*George K. Freeman, Jr. for George K. Freeman, Jr., defendant appellee; Rountree & Newton by George Rountree III and J. Harold Seagle for defendant appellees.*

CLARK, Judge.

The record on appeal does not disclose that the defendants moved for a Rule 12(b)(6) dismissal. The defendants, however, did plead in their answers that the complaint failed to state a claim for relief. This defense can be raised at any time on application by the parties. G.S. 1A-1, Rule 12(d). We assume that the court treated the defendants' motion for summary judgment as an application for a hearing on their Rule 12(b)(6) defense. Since the first alternative holding in the order appealed from dismissed the complaint pursuant to Rule 12(b)(6), it is clear that the court considered only the pleadings in making its determination on that issue.

Plaintiff first contends that the court erred in dismissing the complaint for failure to state a claim for relief because the complaint alleged sufficient facts to entitle plaintiff to recovery for breach of trust or as a third-party beneficiary of the contract between the defendants.

"The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient." *Alltop v. J. C. Penney Co.*, 10 N.C. App. 692, 694, 179 S.E. 2d 885, 887, *cert. denied* 279 N.C. 348, 182 S.E. 2d 580 (1971). A complaint may be dismissed pursuant to Rule 12(b)(6) if there is an absence of law to support the claim of the sort made. *Hodges v. Wellons*, 9 N.C. App. 152, 175 S.E. 2d 690, *cert. denied* 277 N.C. 251 (1970).

In order to determine whether the court's dismissal of the complaint was proper, we must consider whether or not the com-

plaint states a valid claim for relief for breach of trust or for breach of an agreement made for the benefit of a third party.

[1] The contract upon which plaintiff relies was entered into by two shareholders of the corporation and two outsiders. The agreement provided for the sale of 50% of the stock of the corporation to the Coluccis. The agreement, however, was not an agreement to sell shares already owned by the defendant shareholders, but an agreement for the issuance of 6,000 new shares of common stock in General Aviation, Inc. Thereafter, the corporation issued 6000 shares of stock to the Coluccis in exchange for $10,000.00.

"The assets of a corporation, nothing else appearing, are not held by it in trust. They, like the assets of any other person, may be used by the corporation in the operation of its business." *Wilson v. Crab Orchard Development Co.*, 276 N.C. 198, 209, 171 S.E. 2d 873, 880 (1970). There is a serious question as to whether the *capital* of a corporation can be held in trust, unless it is held in trust for the benefit of its creditors. *Wilson v. Crab Orchard Development Co., supra*. The issuance of stock is ordinarily a sale for full and fair consideration, and so the corporation is entitled to the monies received outright. Therefore, in order for a trust to be created in the capital obtained from issuing stock, the corporation itself must agree to hold the capital in trust for creditors. In the case *sub judice*, the agreement of 27 December 1967 was entered into by the defendants Freeman and Croom in their individual capacities. Nowhere in the instrument appears a signature signed by any corporate officer in his official capacity. In order for the corporation to be bound by an agreement, it must be a party thereto. *See, Little v. Orange County*, 31 N.C. App. 495, 229 S.E. 2d 823 (1976). "A corporation is bound by the acts of its stockholders and directors only when they act as a body in regular session or under authority conferred at a duly constituted meeting." *Park Terrace, Inc. v. Phoenix Indemnity Co.*, 241 N.C. 473, 478, 85 S.E. 2d 677, 680 (1954). *Duke v. Markham*, 105 N.C. 131, 10 S.E. 1017 (1890). " 'The separate action, individually, without consultation, although a majority in number should agree upon a certain act, would not be the act of the constituted body of men . . . .' Angel & Ames on Corporations, sec. 504." *Park Terrace, Inc. v. Phoenix Indemnity Co.*, 241 N.C. at 478, 85 S.E. 2d at 680; *Tuttle v. Junior Building Corp.*, 228 N.C. 507, 46 S.E. 2d 313 (1948). Since none of the individuals signing the agreement pur-

ported to act for the corporation, the corporation was not bound by the agreement and took the $10,000.00 capital obtained from the issuance of its stock free of any trust in favor of plaintiff. Therefore, there is an absence of law to support a claim for relief on a trust theory.

[2]   Plaintiff, however, contends that the complaint alleges a valid claim for relief since plaintiff was a third-party beneficiary of the contract between the individual defendants.

The rule is well settled in North Carolina that where a contract is made for the benefit of a third party, the latter is entitled to maintain an action for its breach. *American Trust Co. v. Catawba Sales & Processing Co.*, 242 N.C. 370, 88 S.E. 2d 233 (1955); *Boone v. Boone*, 217 N.C. 722, 9 S.E. 2d 383 (1940). The question of whether a contract is intended for a third party is generally regarded as one of construction of the contract. The intention of the parties is determined by the terms of a contract as a whole, construed in light of the circumstances under which it was made and the purposes that the parties sought to accomplish. The contracting parties must intend to confer a direct benefit upon the third party and intend to confer a right of action upon the third party. *Meyer v. McCarley & Co.*, 288 N.C. 62, 215 S.E. 2d 583 (1975); *Vogel v. Reed Supply Co.*, 277 N.C. 119, 177 S.E. 2d 273 (1970). *See,* 17 Am. Jur. 2d, Contracts, § 304; 17A C.J.S., Contracts, § 519.

In the case *sub judice*, the parties intended to benefit the corporation by providing additional capital so that it could meet its obligations to its creditors. There was no provision in the contract whereby the defendants agreed to pay money directly to plaintiff; the defendants' agreement was to pay the money directly to the *corporation*. Nor is there any provision in the contract whereby the defendants agreed to become guarantors of the corporate debt; on the contrary, the terms of the agreement provided that the *corporation* would pay the creditors. Therefore, the plaintiff is not directly benefited by the contract and has no rights against the individual defendants pursuant to that contract. Plaintiff's sole cause of action was against the corporation on the original debt.

The plaintiff's complaint failed to state a claim for relief on either of the two theories urged by plaintiff, and, therefore, the court did not err in dismissing the complaint.

[3] The court set forth as a second ground for dismissing the complaint the fact that plaintiff's cause of action was barred by the three-year statute of limitations, G.S. 1-52. Since matters outside the pleadings had to be considered in order to resolve the question of whether the cause of action was time-barred, this was not a ruling on a G.S. 1A-1, Rule 12(b)(6) motion, but a ruling on a motion for summary judgment. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). The test on a motion for summary judgment is whether on the basis of the materials presented to the court there is any genuine issue as to any material fact. *Lee v. Shor*, 10 N.C. App. 231, 178 S.E. 2d 101 (1970). Although it is clear that the three-year statute of limitations is applicable, there is a question of fact remaining as to when the breach occurred and the statute of limitations began to run. Therefore, summary judgment on that issue is not appropriate. So much of said order ruling for defendants on the plea of the statute of limitations is vacated.

The order dismissing the complaint pursuant to Rule 12(b)(6) for failure to state a claim for relief is affirmed.

Vacated in part and affirmed in part.

Judges VAUGHN and HEDRICK concur.