Nash, J.
 

 The case has been argued before us upon the same grounds, upon the first point. The Counsel for the defendant has urg'ed upon us the case of
 
 O’Daniel against Crawford,
 
 4 Dev. 197, as establishing the doctrine, that a voluntary gift is void by the common law, against all debts of the donor existing at the time. We do not agree with the Counsel in this construction. The error has been occasioned by some strong expressions, used by the Judges deciding the case, without properly attending to others, intended to qualify and apply them. Thus his Honor Judge Gaston, in page 204, adopts the language of Lord Hardwicke in
 
 Townsend
 
 v.
 
 Windham
 
 2 Ves. 10. “ I know of no case on the 13th Elizabeth, where a man, indebted at the time, makes a voluntary conveyance to a child and dies, but that it shall be considered a part of his estate for the benefit of his creditors.” But in the preceding part of the sentence, the Judge shows in what sense he intends to apply it. “ If in truth there be prior creditors, yet unsatisfied,
 
 and who have no means of satisfaction except out of the property attempted to be given away.”
 
 That was precisely the state of facts
 
 *43
 
 in the case then before the Court. O’Daniel, the father, had given to his children the tract of land in question, being, at that time, in debt. He reserved property to the amount of $500, all of which had been exhausted in payment of debts, leaving one small one undischarged. To satisfy this, the land was sold under execution, and the defendant Crawford purchased it. There was no other property of the donor out of which the debt could be satisfied — and the deed to the plaintiffs, when offered in evidence as conveying the title to them, if sustained, left the creditor without redress. The voluntary donees were seeking to enjoy the property of the debtor, the donor, leaving unpaid a just debt, and one which was in existence at the time of the gift. Against such a result, all the argument of the Court is directed. Thus, too, as further illustrating the leading idea of Judge Gaston, in page 205, he says, “But where the controversy is between a prior
 
 creditor,
 
 and a voluntary donee,
 
 when the prior creditor must lose his debt, if the gift be held valid, then
 
 the established rule is, if the deed be voluntary, the law says it is fraudulent.” So his Honor, the Chief Justice, in speaking of a voluntary conveyance generally, “ It must be founded upon a design to exempt the estate from the claim of the creditor, for the act of making the conveyance can arise from no other intent,
 
 and, inasmuch as no other fund replaces
 
 the property so intended to be exempted, that intent is injurious to the unsatisfied creditor, and amounts to covin, within the Statute.” It is evident, then, that the case of
 
 O’Daniel and Crawford
 
 does not justly bear the construction, placed upon it by the defendant’s counsel. But it does decide, that when another fund replaces the property so conveyed, and remains subject and liable to the claim of the creditor in law, the voluntary conveyance is not fraudulent and void — for the creditor Is not delayed or hindered in the collection of his debt— it is not
 
 necessary
 
 to take the property given, to prevent an injury to the creditor. We should not have observed
 
 *44
 
 so minutely upon the case of
 
 O'Daniel and Crawford,
 
 if it had not appeared from the argument of the counsel, that it had been misapprehended. That case was decided in 1833 ; and, in 1835, the same Judges being on the Bench, the case of
 
 Jones against Young,
 
 1 Dev. and Bat. 352, came before this Court, and they then put upon the case of
 
 O'Daniel and Crawford
 
 the same construction that is now given. The language of Judge Danikl, who delivers the opinion of the Court, is, “ the ereditor would have been entirely
 
 hindered in getting his debt satisfied,
 
 if he could not have reached the fund covered by the voluntary conveyance.” In the latter case the principle we are now considering was more distinctly announced. The Court say the conveyance of the slave by Reuben Jones to the plaintiff, being by
 
 deed of gift,
 
 is not necessarily an act fraudulent and void as to the creditors of the donor, if he had, at the time of the gift, and. left at the time of his death, other property sufficient to pay all his debts, due and owing at the date of the deed of gift.”' This decision covers the whole ground occupied by the defendant upon this point. Hannah Locke, at the time she made her conveyance to the plaintiff, retained a tract of land worth $600 — nearly, if not entirely, double the amount of her then indebtedness and eight or nine ne-groes. The land still continued hers at the time the defendant attempted to collect his debt, for his execution, by his direction, was levied upon 'it. What had become of the eight or nine liegroes retained by Hannah Locke, we are not informed ; nor has the defendant informed us why he withdrew his levy from the land, nor why he did not levy it on the retained negroes or some of them.. It was incumbent on him to shew they were not in her possession or not amenable to his execution. In accordance, then, with the decision in the cases referred to, the conveyance of Hannah Locke to the plaintiffs was not in law fraudulent and void.
 

 Whatever • doubt, however, might have rested on this
 
 *45
 
 subject is removed by an act passed by tbe Legislature at their Session of 1340-41, ch. 28, s. 3 and 4. The preamble, to the 4th sec. which is the enacting one, is contained in the 3d. It declares, “ whereas, it hath lately “ been made a question, where a person, making a gift or “ voluntary settlement of property, is at the time thereof “ indebted, whether the same is not in law and of itself fraudulent, &c.” “ and whereas, upon such question, con- “ dieting judicial opinions have been pronounced, and it “ is highly expedient, that the law should be certainly
 
 de~ “ dared
 
 and future doubts prevented.” Therefore, &c. “ it is enacted that no such gift or settlement by one in- “ debted, &c. shall
 
 hereafter he held or taken,
 
 &c.” It is admitted, if this act has a retroactive operation, then the defendant has nothing to complain of. But it is contended, that its operation is prospective, and does not alfect gifts made previous to its enactment; and the argument rests upon the proper construction to be given to the word
 
 hereafter.
 
 It is obvious to us, that the word
 
 hereafter
 
 does not apply to gifts or settlements, but to the jracZg--
 
 merits
 
 to be pronounced upon them. ' Different and conflicting judicial opinions, according to the preamble, had then been pronounced, and doubts were entertained how the law was;
 
 hereafter,
 
 says the act, no such gift or settlement, &c. “ shall be held or taken, to be fraudulent.” How held or taken
 
 l
 
 Obviously judicially — that is, shall not be pronounced so by a Judge acting officially. We do not therefore think that the act of 1840-41 introduced any principle, which the Legislature considered new, but was intended to remove all doubts as to what the the law was, and to prevent, thereafter, conflicting opinions in our Courts, of Justice on the subject.
 

 In this view the Judge was justified in pronouncing it a declaratory law. The charge of his Honor was intended to apply to the case before him, and not to la.y down any rule to-govern other cases not similarly situated, and so viewed, we see no error in it.
 

 
 *46
 
 Upon both points raised in the case, we think the law is with the plaintiff, and has-been by the presiding Judge properly administered.
 

 Pea CuRiam. Judgment affirmed.