PARK TERRACE, INC., v. PHOENIX INDEMNITY COMPANY (ORIGINAL DEFENDANT) AND PARK BUILDERS, INC. (ADDITIONAL DEFENDANT).

(Filed 29 February, 1956.)

**1. Appeal and Error § 1—**

The Supreme Court has general supervisory authority over the orders, judgments, and decrees of the Superior Courts of this State and will not hesitate to exercise this prerogative when necessary to promote the expeditious administration of justice. Constitution of North Carolina, Article IV, sec. 8.

**2. Corporations § 4—**

No less than three persons may operate under charter as a legal corporate entity. G.S. 55.

**3. Same—**

When one person acquires all of the stock of a corporation, the corporation becomes dormant or inactive and exists only for the purpose of holding legal title of the property for the use and benefit of the single stockholder who becomes seized of the beneficial title to the property, and such individual will not be permitted to cloak his action as an individual behind the legal fiction of the corporate entity.

**4. Parties § 1—**

Every action must be prosecuted in the name of the real party in interest. G.S. 1-57.

**5. Same: Corporations § 4: Principal and Surety § 8—**

An individual, in purchasing the entire stock of a corporation owning apartment buildings, executed an agreement that no claim should be made against the parties selling the stock on the ground of defective workmanship or inferior building materials in the construction of the apartments. Thereafter the corporation instituted suit to recover on the contractor's performance bonds for defective workmanship and inferior materials. *Held:* Any recovery by the corporation would inure to the benefit of the individual who is the real party in interest, and therefore he is a necessary party plaintiff to the action.

**6. Corporations § 4—**

Where a single individual purchases all of the stock of a corporation and thus becomes the sole beneficial owner of the assets of the corporation, he may not revitalize the fiction of the corporate entity as a cloak for his actions by thereafter transferring some of the stock to third parties.

**7. Appeal and Error § 43—**

Petition to rehear is allowed in this case in the furtherance of the expeditious administration of justice in order that the owner of all of the stock of the corporation should be made a party plaintiff in the suit instituted by the corporation. Constitution of North Carolina, Article IV, sec. 8.

JOHNSON and BOBBITT, JJ., concur in result.

ON rehearing.

The determinative facts in this case are stated in the opinion of this Court on the original appeal herein, *Terrace, Inc. v. Indemnity Co.*, 241 N.C. 473, 85 S.E. 2d 677, to which reference is had. It would serve no useful purpose to repeat them here except as it may become necessary in discussing the questions of law presented by the petition to rehear.

*Spry, White & Hamrick and Dallace McLennan for respondent.*

*Brooks, McLendon, Brim & Holderness for Phoenix Indemnity Company and Womble, Carlyle, Sandridge & Rice and Broaddus, Epperly & Broaddus for Park Builders, Inc.*

BARNHILL, C. J. When considered literally, the motion made was a motion to make McLean a party defendant so that the original defendants could plead the covenant contained in his contract executed contemporaneously with, and as a part of the consideration for, the purchase by McLean of the common stock of plaintiff corporation. However, broadly speaking, the motion seeks to have McLean made a party to the action so that the original defendants may plead his covenant contained in his contract in bar of any recovery in this action.

If we treat the plaintiff as an active corporation prosecuting this action as such, then it owned the alleged claim sued upon at the time McLean became a stockholder with its own officers and directors, and it is nowhere alleged that McLean was employed by plaintiff or possessed any authority to bind it by his contract. Hence, a cause of action would arise against him when and only when plaintiff recovers in this action. Not until then could it be determined what amount, if any, defendants are entitled to recover for breach of McLean's contract. The statute of limitations would not begin to run until a judgment is entered in this cause. Strictly speaking, therefore, McLean is not a necessary or proper party defendant. On this record the allegation that in executing the contract McLean was acting for and in behalf of the corporation is a mere conclusion unsupported by any allegation of fact.

When the cause was here on the original appeal, we considered a disposition of the motion in the light of the real purpose and intent thereof though it might be outside its letter, but finally concluded that the motion should be decided strictly as presented. That is, we considered then taking the course we now pursue which is presented with more emphasis in respondent's brief filed in connection with the petition to rehear.

After further reflection, consideration, and discussion, we have concluded that while McLean is not a proper party defendant, he is in fact a necessary party plaintiff. We now so hold.

If it be considered that the motion as made will not support this conclusion, our answer is this: This Court has general supervisory authority over the orders, judgments, and decrees of the Superior Courts of the State, N. C. Constitution, Art. IV, sec. 8. This is a prerogative which, in a proper case, when necessary to promote the expeditious administration of justice, we will not hesitate to exercise.

It requires three or more persons to obtain a certificate of incorporation, G.S. 55-2, and the certificate of incorporation must be signed by a majority of the applicants. If one dies before the organization of the corporation, some other person must be designated in his place and stead. G.S. 55-7. The corporation must have at least three directors who manage the affairs of the corporation, G.S. 55-48, and three officers, provided any two offices may be held by one person. So there must be at least two officers. G.S. 55-49. Real estate of the corporation may be conveyed by its president and two stockholders or by the president, attested by the secretary. G.S. 55-40. Three stockholders may call a meeting of the corporation, G.S. 55-6, and a majority of stockholders may dissolve the corporation, G.S. 55-121.

Thus the concept that a corporation is a combination of three or more persons who may operate as a legal entity when chartered so to do threads its way through the cited and practically every other section of our law on corporations. General Statutes, ch. 55. No lesser number will suffice.

So the question arises: When one person acquires all the stock of a corporation, what then is the status of the corporation and the property held in its name? We are of the opinion and so hold that the corporation becomes dormant or inactive and exists only for the purpose of holding legal title of the property for the use and benefit of the single stockholder who becomes seized of the beneficial title to the property. Not possessing the managerial agencies—stockholders, directors, or officers—contemplated by statute, it can no longer act as a corporation. Its decisions are the decisions of the single stockholder, and its action is his action.

It follows that when McLean purchased all the common stock of plaintiff he became at least the equitable owner of the corporate property. Only he could employ counsel and direct the institution of this action. And any recovery here would be for his use and benefit. Hence, he is the real party in interest, and as such he is a necessary party plaintiff to this action. He will not be permitted to use the cor-

poration, of which he is the sole beneficial owner, to cloak his action as an individual.

"Every action must be prosecuted in the name of the real party in interest . . ." G.S. 1-57.

We consider that our conclusion that McLean is a real party in interest is supported by the following authorities, to wit: *Bank v. Winchester*, 24 So. 351; *Felsenthal Co. v. Northern Assur. Co.*, 120 N.E. 268; *Wenban Estate v. Hewlett*, 227 P. 723; *Paper Co. v. Tuscany*, 264 S.W. 132; *Gypsum Co. v. Plaster Co.*, 199 P. 249; *Securities Co. v. Spiro*, 221 P. 856; *N. R. Co. v. Nield*, 216 S.W. 62; *Quaid v. Ratkowsky*, 170 N.Y.S. 812; *Minifie v. Rowley*, 202 P. 673; *Swift v. Smith*, 5 A. 534; *Holding Co. v. Snyder*, 79 F. 2d 263; *Walter & Co. v. Zuckerman*, 6 P. 2d 251; *Coal Co. v. Zinc Co.*, 145 P. 571; *Potts v. Schmucker*, 36 A. 592; *Hallett v. Moore*, 185 N.E. 474; *Gardiner v. Burrill*, 114 N.E. 617; *Hay v. Commissioner*, 145 F. 2d 1001; *Copeland v. Swiss Cleaners*, 52 So. 2d 223; *Watson v. Ins. Co.*, 63 P. 2d 295; *Mfg. Co. v. Trust Co.*, 12 A. 2d 40; Annos. 1 A.L.R. 616 and 34 A.L.R. 601.

With respect to a one-man dominated corporation, the corporation may be disregarded and he may look direct to the other party because the real facts and justice require it. Fletcher, Cyc. Corporations, Vol. 1, p. 90, sec. 25. See also secs. 41 and 42, and Vol. 5, p. 441, sec. 2099; Ballantine, Corporations, p. 296, sec. 126, p. 301, sec. 128.

"The doctrine that a corporation is a legal entity existing separate and apart from the persons composing it is a legal theory introduced for purposes of convenience and to subserve the ends of justice. The concept cannot, therefore, be extended to a point beyond its reason and policy, and when invoked in support of an end subversive of this policy, will be disregarded by the courts. Thus, in an appropriate case and in furtherance of the ends of justice, a corporation and the individual or individuals owning all its stock and assets will be treated as identical, the corporate entity being disregarded where used as a cloak or cover for fraud or illegality." 13 A.J. 160; Latty, The Corporate Entity as a Solvent of Legal Problems, 34 Mich. L. Rev. 597.

On this record it is apparent that McLean, when he purchased the stock of Pollard, Burge, and Lester, and contracted to purchase the stock of Bolich, which was later delivered to him, understood or believed he was acquiring the assets of the corporation. He immediately demanded and received the resignation of its officers and directors, and the contract contemporaneously executed by him as a party of the second part contains language which so indicates. He contracted in part that: ". . . The purchaser agrees, and has by this contract accepted the real estate and all improvements located thereon which is owned by the corporation in its present condition, and agrees that no

claim shall be made against the parties of the first part . . . because of defective workmanship, defective or inferior building materials . . . and also because of any breakage or wear and tear . . . and all structures erected thereon and fixtures attached thereto are accepted in their present condition, and no guarantee of their conditions is made . . ."

It must be understood that if McLean became the sole beneficial owner of the assets of the corporation by virtue of the fact he acquired all the stock, he could not later, and cannot now, evade the consequences of his act by merely transferring some of the stock to third parties so as to comply with the statute.

The cause is remanded so that McLean may be made a party plaintiff with leave either to adopt the complaint or file a new complaint, and defendants may file an answer thereto pleading the covenants contained in the contract as a bar to the right of plaintiffs to recover herein. To that end the judgment entered in the court below is vacated.

Should McLean elect to refuse to file any pleadings herein, then and in that event defendants may file an amended answer alleging the facts which make McLean the real—and a necessary—party plaintiff and plead their contract with him in such manner as they may be advised.

The petition to rehear is allowed and the cause is remanded for further proceedings in accord with this opinion.

Remanded.

JOHNSON and BOBBITT, JJ., concur in result.