LESTER BROTHERS, INC., v. POPE REALTY & INSURANCE COMPANY, CHARLES A. POPE, JR., W. R. WINDERS, RECEIVER FOR POPE REAL-TY & INSURANCE COMPANY.

(Filed 12 June, 1959.)

**1. Fraud § 5—**

Where the false representations are not made to plaintiff and plaintiff does not rely thereon, plaintiff may not assert any rights based upon the fraud.

**2. Corporations § 1—**

Prior to the effective date of G.S. 55-3.1 a corporation could not function as such with less than three stockholders, and therefore where there were only two stockholders of a corporation at the time of the sale of goods to it, the seller may hold each stockholder jointly and severally liable for the purchase price upon default of the corporation.

**3. Constitutional Law § 25:    Statutes § 10—**

The statutory provision that fewer than three persons may acquire all the capital stock in a corporation without impairing its capacity to act as a corporation, G.S. 55-3.1, cannot be given retroactive effect so as to divest a party of his vested right to hold the individual stockholders liable in regard to a transaction transpiring prior to the effective date of the statute at a time when there were only two stockholders of the corporation. U. S. Constitution, Article I, Section 10, N.C. Constitution, Article I, Section 17.

BOBBITT, J., dissenting.

APPEAL by the plaintiff from *McKinnon, J.,* October, 1958 Civil Term, DURHAM Superior Court.

Civil action instituted by the plaintiff, a Virginia corporation, to recover $19,681.66 from the defendant Pope Realty & Insurance Company, a corporation (now in receivership), W. R. Winders, Receiver, and Charles A. Pope, Jr., a stockholder. The plaintiff alleged it sold and delivered seven package houses on the following dates: May 14, August 7, October 20, and October 22, all in 1954; and on January 12, February 9, and June 20, all in 1955. There is no controversy

about the liability of the corporation. Its liability is conceded. The controversy is whether Charles A. Pope, Jr., is individually liable.

The parties waived jury trial and consented that the judge should hear the evidence, find the facts, state his conclusions of law, and render judgment. The court found that Pope Realty & Insurance Company was incorporated in June, 1954. Charles A. Pope, Jr., W. J. Darnell, and Marshall T. Spears, Jr., were the incorporators, each with one share of the capital stock. Pope at all times was a director and president of the corporation. Immediately upon organization, Spears sold and transferred his stock to Thomas E. Montjoy. On November 5, 1954, the corporation purchased the share of Thomas E. Montjoy. On October 4, 1955, Pope purchased the one outstanding share from W. J. Darnell. From October 4, 1955, until the corporation went into receivership on March 19, 1956, Pope was the sole stockholder.

The plaintiff, through negotiation with Pope, sold and delivered three bills of merchandise subsequent to November 5, 1954, as follows: No. 55, January 12, 1955, $5,085.82; No. 57-A, February 9, 1955, $385.68; No. 67, June 20, 1955, $295.98. At the time these deliveries were made the corporation had two stockholders and directors — the defendant Pope, and Darnell. The plaintiff alleged the defendant Pope had received the benefits of all the deliveries from the beginning; that he was guilty of fraud in executing lien waivers by making false affidavits to the effect that all materials which went into the construction projects were paid for, when in fact the plaintiff had been paid nothing whatever. Relying on the statements, loan companies advanced money to Pope on the lots and buildings.

The court found that Pope had executed the false affidavits but that they were not made to the plaintiff and it did not rely on them. Therefore, insofar as the plaintiff was concerned, the defendant Pope had not perpetrated a fraud.

The controversial issues raised by the pleadings need not be further detailed in view of the findings of fact made by the trial judge and his conclusions of law based thereon.

Upon the findings, the trial court held that (1) "The plaintiff's claim is valid against the assets of Pope Realty & Insurance Company in receivership." (2) "The plaintiff have and recover nothing of the defendant Charles A. Pope, Jr."

The plaintiff, upon the findings of fact, moved for judgment against Charles A. Pope, Jr., individually. The motion was denied and the plaintiff excepted. From the judgment that Charles A. Pope, Jr., is not individually liable, the plaintiff has appealed.

*Broaddus, Epperly & Broaddus, By: John D. Epperly/VSBjr.*
  *Bryant, Lipton, Strayhorn & Bryant, By: Victor S. Bryant, Jr., for plaintiff, appellant.*
  *Spears, Spears & Powe, By: Marshall T. Spears, Jr., for defendant Charles A. Pope, Jr., appellee.*

HIGGINS, J.   The only question in the case is the individual liability of the defendant Pope. The plaintiff sought to have him held liable for the whole account because of the alleged fraudulent acts on his part. The court found the plaintiff did not rely on the false statements in extending credit. This finding is supported by the evidence. The court's conclusion that Pope is not individually liable on the ground of fraud follows as a matter of course.

However, as to the three purchases made subsequent to November 4, 1954, another question arises. After that date the corporation had only two stockholders, Pope and Darnell. Under the existing law, the two could not function as a corporation. "Thus the concept that a corporation is a combination of three or more persons who may operate as a legal entity when chartered so to do threads its way through the cited and practically every other section of our law on corporations." *Park Terrace, Inc. v. Indemnity Co.*, 243 N.C. 595, 91 S.E. 2d 584. When Pope and Darnell became the only stockholders and directors they could no longer operate as a corporation, but only as individuals. They were each, therefore, individually liable for the debts incurred by them in the business. Consequently both Pope and Darnell were jointly and severally liable for the three package deliveries made subsequent to November 4, 1954. Under the court's findings of fact, it should have been concluded as a matter of law that the plaintiff is entitled to recover from Charles A. Pope, Jr., individually, as follows: $5,085.82, with interest from August 5, 1955; $385.68, with interest from June 1, 1955; and $295.98, with interest from May 1, 1955. The legal liability of Pope to the plaintiff attached at the time of the purchase and delivery of the three items above described.

Since the decision in the *Park Terrace* case, the General Assembly has made sweeping changes in the business corporation law of the State. The changes are now codified in Chapter 55 of the 1957 Cumulative Supplement. Section G.S. 55-3.1 provides, among other things, that fewer than three persons may acquire all the capital stock of a corporation without impairing its capacity to act as a corporation: "(d) If any corporation or purported corporation might have been considered dormant or inactive solely in consequence of the acquisi-

tion heretofore of all its shares by one or by two persons, such; corporation or purported corporation is hereby declared to have had uninterrupted existence and to have possessed uninterrupted capacity to act as a corporation."

The defendant Pope contends the foregoing statute relieves him from individual liability for the purchases which he made for the corporation when he and Darnell were its only stockholders. The answer is that when plaintiff dealt with Pope the law of this State as declared in the *Park Terrace* case made him individually liable for the debts he thus created. The plaintiff had a vested right in that liability. The liability attached in 1955. The Legislature, in 1957, could not take it away without violating the obligation of the contract. U. S. Constitution, Article I, Section 10; N. C. Constitution, Article I, Section 17. "Indeed, in this State a statute will not be given retroactive effect when such construction would interfere with vested rights, or with judgments already entered." *Wilson v. Anderson*, 232 N.C. 212, 59 S.E. 2d 836.

"Indeed, upon reading and analyzing the statutes relied on by the defendants as authority for the corporate amendment - - - and reading therewith the pertinent provisions of the charter, we find nothing in either inconsistent with the view that they are intended to be prospective with respect to dividends to be earned upon the stock. Whether the law itself makes the amendment, or as now, confers the power of amendment to the corporation, it will not be construed to operate retrospectively to the detriment of rights already vested under the old charter. . . . A contrary construction of the statute, giving authority to retrospective provisions of the charter amendment under consideration, would do violence to the Constitution and would compel us to view the proposed action as the taking of property without due process of law." *Patterson v. Hosiery Mills*, 214 N.C. 806, 200 S.E. 906.

"It is settled, that the Legislature cannot pass any declaratory law or act declaring what the law was before its passage, so as to give it any binding weight with the courts. A retrospective statute, affecting or changing vested rights, is founded on unconstitutional principles and consequently void." *Bank v. Derby*, 218 N.C. 653, 12 S.E. 2d 260; *Booth v. Hairston*, 193 N.C. 278, 136 S.E. 879; *Houston v. Bogle*, 32 N.C. 496; *Arnett v. Wanett*, 28 N.C. 41.

The cause will be remanded to the Superior Court of Durham County where judgment will be entered upon the findings of fact already in the record, charging the defendant Charles A. Pope, Jr., with individual liability for the three purchases made from the plaintiff

during the time the Pope Realty & Insurance Company had only two stockholders and directors.

Remanded for Modification of Judgment.

BOBBITT, J., dissenting. The basis of my dissenting opinion, in which *Justice Johnson* concurred, in *Terrace, Inc., v. Indemnity Co.*, 241 N.C. 473, *480,* 85 S.E. 2d 677, is indicated by these quotations therefrom: (1) "A corporation is an entity, distinct from its stockholders, although one individual owns its entire stock, or all but qualifying shares held by directors. 1 Fletcher, Cyc. of Corporations, sec. 25; 18 C.J.S., Corporations, sec. 4." (2) "But a corporation should not be permitted to serve as a device, instrument or agency to enable its beneficial owners, the stockholders, to accomplish by indirection that which their solemn covenant forbids."

Upon rehearing, *Terrace, Inc., v. Indemnity Co.*, 243 N.C. 595, 91 S.E. 2d 584, *Justice Johnson* and I concurred *in result*. The result was in accord with our original view. However, we did not agree that a corporation's capacity to function as such in dealings with third parties automatically ceased when one or two individuals acquired all of the capital stock

The present decision, as I understand it, is that the Pope Realty and Insurance Company could not function as a corporation after November 5, 1954, the date on which the corporation purchased Montjoy's share; that from then until October 4, 1955, when Pope purchased Darnell's stock, both Darnell and Pope were liable individually for obligations incurred in the corporate name; and that from October 4, 1955, Pope was individually liable for obligations incurred in the corporate name.

Plaintiff alleged that Pope Realty and Insurance Company was a duly chartered corporation; that, within its authorized corporate powers, it made the purchases from plaintiff; and that, because of its insolvency, a receiver for Pope Realty and Insurance Company was appointed March 19, 1956.

There is no question but that plaintiff understood its dealings were with Pope Realty and Insurance Company, a corporation. The discovery, upon the insolvency of the corporation, that it was in fact dealing with Pope as an individual, must come as a pleasant surprise.

In my opinion, (prior to G.S. 55-3.1(d), 1957 Cumulative Supplement,) where a person deals with a duly chartered corporation which, in its dealings with third parties, conducts affairs as a corporation, the corporate status is at least that of *de facto* corporation, notwith-

standing less than three individuals acquire ownership of all of its corporate stock; and such creditor should not be permitted to hold liable individuals with whom he has had no dealings as individuals. Surely, the corporate status as to third parties does not fade and revive from time to time by reason of transfers of stock reflecting stock ownership at times by three individuals and at other times by less than three individuals.

These further questions arise: If Pope Realty and Insurance Company is not a corporation, why the receivership? What are the corporate assets? Who are the corporate creditors?